**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **SYED KAZMI** | § | |
| | § | |
| **vs.** | § | **C.A. NO. 4:20-cv-02067** |
| | § | **(JURY)** |
| **STATE FARM MUTUAL** | § | |
| **AUTOMOBILE INSURANCE** | § | |
| **COMPANY** | § | |

## DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant State Farm Mutual Automobile Insurance Company ("State Farm") files this Notice of Removal of the present action from the 234th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy. In connection with this Notice of Removal, State Farm would respectfully show unto the Court as follows:

## I.
## INTRODUCTION

1.     This lawsuit began on or about April 29, 2020, when Plaintiff Syed Kazmi, filed his Original Petition in Cause No. 2020-26752 in the 234th Judicial District Court of Harris County, Texas, styled *Syed Kazmi v. State Farm Mutual Automobile Insurance Company*. The suit arises from an automobile accident that occurred on September 15, 2017 in Harris County, Texas. Plaintiff seeks to recover uninsured/underinsured motorist benefits from State Farm.

2.     State Farm was served with Plaintiff's Original Petition on May 15, 2020 and filed its Original Answer on June 8, 2020.

## II.
## GROUNDS FOR REMOVAL

A. **Complete Diversity of Citizenship Exists Between the Parties, and the Amount in Controversy Exceeds $75,000**

3.        Removal is proper because there is complete diversity of citizenship between the parties, and the alleged amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

4.        Plaintiff is a resident and citizen of Texas.  State Farm was and is incorporated in, and a resident of, the State of Illinois. (*See* Unsworn Declaration of Michael Roper attached as Ex. B.)

5.        Plaintiff's Original Petition states he is seeking "aggregate relief of more than $200,000 but less than $1,000,000." (*See* Pl.'s Original Pet. at 2.) Thus, the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

B.        **Venue is Proper in This Division and in This District.**

6.        Plaintiff filed this action in Harris County, Texas.  The Houston Division of the Southern District of Texas encompasses Harris County, Texas.  *See id.* § 124(b)(2). Thus, this district and division embrace the place where the state court action is pending.  *See id.* § 1441(a).

## III.
## PROCEDURAL REQUIREMENTS FOR REMOVAL

7.        State Farm was served on May 15, 2020.  This Notice of Removal is being filed on June 11, 2020.  Accordingly, this Notice of Removal is timely filed within 30 days of when State Farm received Plaintiff's Original Petition and within one year of the commencement of this suit. *See id.* § 1446(b).

8.      A copy of this Notice of Removal will be filed with the Harris County District Clerk's office and served on Plaintiff promptly. *See id.* § 1446(d); *see also Nixon v. Wheatley*, 368 F. Supp. 2d 635, 640 (E.D. Tex. 2005).

9.      Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81 of the Southern District of Texas, this Notice of Removal is accompanied by the following documents:

Exhibit A:      An index of matters being filed;

Exhibit B:      The state court docket sheet, all executed process in the case, all pleadings asserting causes of action, all answers to such pleadings, and all orders signed by the state judge;

Exhibit C:      A list of all counsel of record, including addresses, telephone numbers, and parties represented.

10.      The filing fee has been paid to the Clerk.

11.      The filing of this notice, along with the filing of the notice in the state court and service of the notice upon Plaintiff's counsel, serves immediately to confer exclusive jurisdiction of this cause upon this Court, and divests the state court of all jurisdiction over these proceedings and claims.

## IV.
## PRAYER

12.      State Farm prays that the above-styled action now pending in the 234th Judicial District Court of Harris County, Texas be removed to this Honorable Court pursuant to the Court's diversity jurisdiction, that upon final trial, judgment be rendered that Plaintiff take nothing by his suit against State Farm, and for such other and further relief to which State Farm may be justly entitled.

13.     This Notice of Removal is filed subject to and without waiver of any defenses or objections to Plaintiff's Original Petition as allowed by the Federal Rules of Civil Procedure or by any applicable law.

14.     A jury fee was paid in state court and Defendant hereby requests a jury trial in this cause of action.

Respectfully submitted,

**GERMER PLLC**

By:_____

**DALE M. "RETT" HOLIDY**
Federal Bar No. 21382
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
rholidy@germer.com

**ATTORNEY FOR DEFENDANT,
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**

**OF COUNSEL:**

**GERMER PLLC**
Lauren N. Herrera
Federal Bar No. 3174150
State Bar No. 24092720
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
lherrera@germer.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 11th day of June, 2020.

Kenneth R. Baird                                                    **VIA CM/ECF**
THE BAIRD LAW FIRM
2323 South Voss Road, Suite 325
Houston, Texas 77057
bairdlawfirm@hotmail.com

_____
**LAUREN N. HERRERA**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SYED KAZMI** | § | |
| | § | |
| **vs.** | § | **C.A. NO. 4:20-cv-02067** |
| | § | **(JURY)** |
| **STATE FARM MUTUAL AUTOMOBILE** | § | |
| **INSURANCE COMPANY** | § | |

<u>**DECLARATION OF MICHAEL ROPER**</u>

I, Michael Roper, under penalty of perjury, declare and state as follows:

1.      I am an adult over the age of 18 and am competent to make this Declaration.  I have personal knowledge of the facts stated herein.

2.      I am employed by State Farm Mutual Automobile Insurance Company ("State Farm Mutual") as an Assistant Vice President-Accounting at State Farm Mutual's corporate headquarters in Bloomington, Illinois. I have been employed by State Farm Mutual for over 10 years in various accounting functions and I oversee the department that maintains the books and records used to prepare and file the Annual Statements and related filings for State Farm Mutual and its property and casualty affiliates.

3.      State Farm Mutual is a mutual insurance company organized under the laws of the State of Illinois.  State Farm Mutual's statutory home office and main administrative office has been located at its corporate headquarters at One State Farm Plaza, Bloomington, Illinois for at least the past ten years and has been located in Bloomington, Illinois since State Farm Mutual's inception in 1922.

4.      State Farm Mutual's books and records are maintained in its home office, its officers are elected or appointed primarily at its home office, and its Board of Directors meetings are held primarily at its home office.  Its directors are elected primarily at its home office.

5.       State Farm Mutual's principal officers are located at its home office and its federal income tax returns and state premium tax returns are prepared and filed from its home office.

6.       State Farm Mutual's functional departments are headquartered at its home office, including its Property and Casualty ("P&C") Actuarial Department (which drafts its policy forms); its P&C Underwriting Department (which creates its underwriting standards); its P&C Claims Department; its Human Resources Department; its Enterprise Technology Department; and its Administrative Services Department, among others.

I declare under penalty of perjury that the forgoing is true and correct.

Executed this the _10th_ day of _June_, 2020, at Bloomington, Illinois.

_Michael Roper_
Michael Roper

Subscribed and sworn before me on this the _10th_ day of _June_, 2020.

OFFICIAL SEAL
JENNIFER A. REDD
NOTARY PUBLIC - STATE OF ILLINOIS
My Commission Expires May 22, 2021

_Jennifer A. Redd_
Notary Public for the State of Illinois

-2-

# **EXHIBIT A**

## LIST OF ATTORNEYS/PARTIES

### SYED KAZMI V. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

1.     Kenneth R. Baird
   THE BAIRD LAW FIRM
   2323 South Voss Road, Suite 325
   Houston, Texas 77057
   (713) 783-1113 – Telephone
   (281) 677-4227 – Facsimile
   bairdlawfirm@hotmail.com
   *Attorneys for Plaintiff, Chandra Ware*

2.     Dale M. "Rett" Holidy
   Lauren N. Herrera
   GERMER PLLC
   America Tower
   2929 Allen Parkway, Suite 2900
   Houston, Texas 77019
   (713) 650-1313 – Telephone
   (713) 739-7420 – Facsimile
   rholidy@germer.com
   lherrera@germer.com
   *Attorneys for Defendant, State Farm Mutual Automobile Insurance Company*

### INDEX OF DOCUMENTS FILED
### WITH REMOVAL ACTION

### SYED KAZMI v. STAT FARM AUTOMOBILE INSURANCE COMPANY

(A)    Plaintiff's Original Petition

(B)    Citation

(C)    Answer for Defendant State Farm

(D)    State Court Case Summary/Docket Sheet

4/29/2020 10:20 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 42646329
By: Rhonda Momon
Filed: 4/29/2020 10:20 PM

# 2020-26752 / Court: 234
CAUSE NO. _____

| | | |
|---|---|---|
| SYED KAZMI | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| v. | § | OF HARRIS COUNTY |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY | § | |
| | § | |
| Defendant | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, SYED KAZMI, Plaintiff in the above-styled and numbered cause, appearing by and through the assistance of the undersigned counsel of record, complaining of and about STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and for cause of action respectfully shows the Honorable Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.1.    Plaintiff respectfully requests that the Court enter a Docket Control Order so that discovery can be conducted under Level III.

### II.
### PARTIES

2.1.    Plaintiff Syed Kazmi (hereinafter "Plaintiff") is a resident of Harris County, Texas.

2.2.    Defendant State Farm Automobile Insurance Company ("State Farm") is an insurance company organized and existing under the laws of the State of Illinois.  While State Farm is a foreign entity, it has registered with the Texas Department of Insurance to sell insurance in the State of Texas and has appointed a domestic agent for service of process.  Plaintiff respectfully requests that the District Clerk prepare a civil citation addressed to Corporation Service Company,

1

State Farm's registered agent for service of process, at 211 E. Seventh Street, Suite 620, Austin, Texas 78701. As Plaintiff desires to serve State Farm via private process server, he respectfully requests that the District Clerk send the citation via e-service to his counsel of record at kbaird@bairdlawfirm.net.

## III.
## RULE 47 INFORMATION

3.1.   Pursuant to Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks aggregate relief of more than $200,000 but less than $1,000,000. As a result, this matter is not an expedited action under Rule 169 of the Texas Rules of Civil Procedure.

## IV.
## PERSONAL JURISDICTION

4.1.   While State Farm is a foreign entity, it has registered with the Texas Department of Insurance to provide insurance policies to Texas residents and actively conducts business for profit throughout the State of Texas by selling insurance policies to Texans. State Farm additionally maintains a domestic agent for service of process. As a result, State Farm has established continuous and systematic contacts with the State of Texas and is amenable to general jurisdiction in the District Courts of Harris County.

4.3.   As an alternative basis for the exercise of personal jurisdiction, STATE FARM has committed one or more torts in Texas.

## V.
## SUBJECT MATTER JURISDICTION

5.1.   The Court has subject matter jurisdiction over Plaintiff's claims since the amount in controversy exceeds the minimal jurisdictional limits of the Court.

2

## VI.
## VENUE

6.1.     Venue is appropriate in Harris Count under Section 15.002(a)(1) as Harris County is where all or a part of the events or omissions giving rise to Plaintiff's claims occurred.

## VII.
## FACTS WHICH ENGENDERED THE PRESENT LITIGATION

7.1.     On or about Sept ember 15, 2017, Plaintiff was driving his 2013 Toyota Camry in Harris County.  While stopped at a traffic light, Plaintiff was rear-ended by non-party Darlin Rivera who was an uninsured driver.  At all relevant times, Plaintiff's vehicle was covered by an insurance policy issued by STATE FARM with the policy containing uninsured motorist coverage.  Plaintiff sustained severe and disabling injuries to his back, neck, and body generally due to the negligence of the uninsured motorist.

7.2.     Plaintiff made a pre-suit demand for compensation for his injuries under the uninsured motorist coverage provision of his policy but STATE FARM wrongfully denied the claim which made this suit necessary.

## XIII.
## BREACH OF CONTACT

8.1.     Plaintiff and STATE FARM entered into a policy under the terms of which STATE FARM was to provide automobile insurance to Plaintiff.  Amongst other coverages, the policy included uninsured motorist benefits.

8.2.     The 2013 Toyota Camry Plaintiff was driving at the time of the accident was covered by the policy of insurance provided by STATE FARM and Plaintiff was otherwise within the coverage of the policy when the accident occurred.

8.3.     The motor vehicle accident in question was caused by the negligence and other tortious conduct of the uninsured driver.  Plaintiff is legally entitled to recover from the uninsured driver.

3

8.4.    Plaintiff has fulfilled all applicable policy conditions.

8.5.    Plaintiff has suffered injuries and damages as a result of the negligence of the uninsured driver and these injuries and damages are covered by the uninsured motorist provision of his policy with STATE FARM.

8.6.    Despite the fact that the uninsured driver's liability for the motor vehicle accident is clear, STATE FARM wrongfully denied Plaintiff's claim for uninsured motorist benefits and has failed to extend any settlement offer to Plaintiff, instead requesting irrelevant information which is not necessary to determine liability or damages.  As a result, STATE FARM has committed a material breach of the insurance policy/contract.

8.7.    Plaintiff has suffered the monetary damages set forth in Paragraph XI of this Original Petition as the result of STATE FARM's breach of contract.

## IX.
## INSURANCE CODE VIOLATIONS/STATUTORY BAD FAITH

9.1.    At all relevant times, STATE FARM was engaged in the business of insurance and was subject to Chapter 541 of the Texas Insurance Code.

9.2.    STATE FARM violated Chapter 541 of the Texas Insurance Code by failing in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim for uninsured motorist benefits despite the fact that liability is reasonably clear.

9.3.    STATE FARM's insurance code violation was committed knowingly and Plaintiff is entitled to recover enhanced damages and penalties as provided by Chapter 541.

9.4.    As the Texas Insurance Code "ties in" to the Deceptive Trade Practices Act, Plaintiff additionally seeks all available remedies under the Deceptive Trade Practices Act flowing from the insurance code violation.  In particular, Plaintiff seeks up to three times her economic damages as STATE FARM's insurance code violation was committed knowingly.

4

9.5.    Pleading in the alternative to Paragraph 9.4, Plaintiff seeks up to three times the combined sum of his economic and mental anguish damages as STATE FARM's insurance code violation was committed intentionally.

9.6.    Plaintiff has suffered the monetary damages set forth in Paragraph XI of this Original Petition as the result of STATE FARM's insurance code violation.   STATE FARM's insurance code violation was the producing cause of Plaintiff's damages.

## X.
## BREACH OF THE COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

10.1.   STATE FARM had an affirmative duty to approach negotiations with Plaintiff with good faith and fear dealing.

10.2.   By wrongfully denying Plaintiff's claim and failing to extend any settlement offer despite the fact that the liability of the uninsured motorist is reasonably clear, STATE FARM breached the duty of good faith and fair dealing it owed to Plaintiff.

10.3.   Plaintiff has suffered the monetary damages set forth in Paragraph XI of this Original Petition as the proximate result of STATE FARM's breach of the duty of good faith and fair dealing.

## XI.
## DAMAGES

11.1.   Plaintiff restates and incorporate herein Paragraphs I to X of this Original Petition.

11.2.   Plaintiff has suffered severe physical and mental injuries as a result of the negligence and other tortious conduct of the uninsured driver, including injuries to his back, neck, and body generally.

11.3.   Plaintiff seeks recovery of the following personal injury damages:

  (a)  Past medical expenses;

  (b)  Reasonably anticipated future medical expenses;

5

(c)     Past pain and suffering;

(d)     Future pain and suffering;

(e)     Physical disfigurement in both the past and the future;

(f)     Past mental anguish;

(g)     Future mental anguish;

(h)     Lost wages or past loss of wage earning capacity;

(i)     Diminished future wage earning capacity;

(j)     Loss of enjoyment of life;

(k)     Past and future disfigurement; and

(l)     Other monetary damages proximately caused by the negligence and other tortious conduct of the uninsured motorist to be determined by the trier of fact.

11.4.   Separate and apart from his personal injury damages, Plaintiff seeks economic damages which for which STATE FARM's insurance code violations were the producing cause.  Plaintiff additionally seeks mental anguish damages as STATE FARM's conduct was committed knowingly.

11.4.   As STATE FARM's insured code violations were committed intentionally, Plaintiff seeks up to three times the combined sum of her economic and mental anguish damages.

11.5.   Plaintiff additionally seeks pre-judgment and post-judgment interest at the maximum rates allowed by law, all costs of court incurred in connection with the prosecution of this suit, and all reasonable attorney's fees incurred in connection with the prosecution of his claims.

11.6.   Plaintiff seeks any additional damages, whether at law or in equity, which are recoverable under Texas law and to which she may prove himself to be justly entitled.

## XII.
## CONDITIONS PRECEDENT

12.1.   All applicable conditions precedent have been satisfied.

6

**XIII.**
**JURY DEMAND**

13.1.   Plaintiff hereby demands a trial by jury as to all claims asserted against STATE FARM. All applicable fees are being paid by Plaintiff contemporaneously with the filing of this Original Petition.

**XIV.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Syed Kazmi respectfully prays that State Farm Mutual Automobile Insurance Company be cited to appear and answer herein and that upon final hearing of the cause, judgment be entered in her favor against State Farm Mutual Automobile Insurance Company for damages in an amount within the jurisdictional limits of the Court.  Plaintiff Syed Kazmi further prays for such additional relief, at either law or equity, to which he may prove herself to be justly entitled.

Respectfully Submitted,

THE BAIRD LAW FIRM

/s/ Kenneth R. Baird, Esq.
Kenneth R. Baird
Texas Bar No. 24036172
2323 South Voss Road, Suite 325
Houston, Texas 77057
(713) 783-1113
(281) 677-4227 (facsimile)
bairdlawfirm@hotmail.com
COUNSEL FOR PLAINTIFF SYED
KAZMI

7



**null / ALL**
**Transmittal Number: 21517643**
**Date Processed: 05/18/2020**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Mutual Automobile Insurance Company<br>Entity ID Number  3461675 |
| **Entity Served:** | State Farm Mutual Automobile Insurance Company |
| **Title of Action:** | Syed Kazmi vs. State Farm Mutual Automobile Insurance Company |
| **Matter Name/ID:** | Syed Kazmi vs. State Farm Mutual Automobile Insurance Company (10248196) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 202026752 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 05/15/2020 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Kenneth R. Baird<br>713-783-1113 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

DELIVERED
05/15/2020
BY: ЄOQ PSC: 13350
ATX Process, LLC

Receipt Number: 864829
Tracking Number: 73747120

COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202026752

| | |
|---|---|
| PLAINTIFF: KAZMI, SYED | In the 234th Judicial |
| vs. | District Court of |
| DEFENDANT:  STATE  FARM  MUTUAL  AUTOMOBILE INSURANCE COMPANY | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY MAY BE SERVED BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY

211 E SEVENTH STREET SUITE 620

AUSTIN TX 78701

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on April 30, 2020, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this May 4, 2020.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: RHONDA MOMON

Issued at request of:
BAIRD, KENNETH RICHARD
2323 SOUTH VOSS ROAD SUITE 325
HOUSTON, TX  77057-9007
281-936-1967

Bar Number: 24036172

Tracking Number: 73747120

CAUSE NUMBER: 202026752

PLAINTIFF: KAZMI, SYED

    vs.

DEFENDANT:   STATE   FARM   MUTUAL   AUTOMOBILE
INSURANCE COMPANY

In the 234th

Judicial District Court

of Harris County, Texas

OFFICER/AUTHORIZED PERSON RETURN

Came   to   hand   at   _____o'clock   ____.   M.,   on   the   _____   day   of
_____, 20_____.
Executed   at   (address)   _____
in _____ County
at   _____   o'clock   ____.   M.,   on   the   _____   day   of
_____, 20 ____,
by delivering to _____ defendant,
in person, a true copy of this
Citation   together   with   the   accompanying   _____   copy(ies)   of   the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To   certify   which   I   affix   my   hand   officially   this   _____   day   of
_____, 20 _____.

FEE:  $ _____

                                _____

_____ of _____

County, Texas

_____     By: _____
    Affiant                         Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN   TO   AND   SUBSCRIBED   BEFORE   ME   on   this   _____   of
_____, 20 _____

_____
                        Notary Public

6/8/2020 2:50 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 43556674
By: Cynthia Clausell-McGowan
Filed: 6/8/2020 2:50 PM

## CAUSE NO. 2020-26752

| | | |
|---|---|---|
| **SYED KAZMI** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM MUTUAL AUTOMOBILE** | § | |
| **INSURANCE COMPANY** | § | **234TH JUDICIAL DISTRICT** |

### DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, (hereinafter referred to as "State Farm"), files this Original Answer to Plaintiff's Original Petition and all subsequent supplemental and/or amended petitions filed against it and would respectfully show the Court and Jury as follows:

### I.

Pursuant to the provisions of Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every, all and singular, the allegations contained in the Plaintiff's Original Petition, and demands strict proof thereof.

### II.

Defendant would show that Plaintiff has failed to fulfill the conditions precedent for bringing an uninsured motorist claim against Defendant. Specifically, Plaintiff has failed to establish that Plaintiff is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by Plaintiff, caused by an accident. *Part C of the State Farm Texas Personal Auto Policy.*

### III.

Pleading further, Defendant would show that it is entitled to all credits and offsets allowed under the policy against any damages awarded by the jury. Such credits and offsets include, but

are **not limited to**, all Personal Injury Protection ("PIP") payments made by State Farm to Plaintiff. Defendant is also entitled to an offset in the amount of all of the alleged tortfeasor's liability limits.

## IV.

Defendant would show that Plaintiff's "extra-contractual" allegations are premature and without merit since no breach of the contract has occurred.

## V.

Defendant would show any claim for breach of contract is meritless; specifically, Defendant cannot be in breach of the contract because there has been no determination of (1) liability, and (2) that Plaintiff's damages exceed to tortfeasor's policy limits, and all other applicable offsets and credits.

## VI.

Defendant asserts that Plaintiff is not entitled to attorney fees in this case as there has not yet been a showing of liability or damages entitling Plaintiff to recovery of uninsured motorist benefits.

## VII.

Defendant further asserts that Plaintiff is not entitled to pre-judgment interest or any other damages beyond the policy limits of uninsured motorist coverage under the subject insurance contract.

## VIII.

Plaintiff's rights to recover medical expenses are limited by the provision of Texas Civil Practice and Remedies Code section 41.0105.  Plaintiff is only entitled to recover the amount paid or incurred by or on behalf of the Plaintiff.

**IX.**

For any claims for lost wages or loss of earning capacity, Defendant invokes the limitation

contained in Texas Civil Practice and Remedies Code section 18.091 as to the recovery of lost

wages or loss of earning capacity.

**X.**

Defendant reserves the right to amend this Original Answer pursuant to the said Rules of

Civil Procedure.

**JURY DEMAND**

Defendant hereby demands a trial by jury pursuant to Texas Rule of Civil Procedure 216.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that it be released and

discharged of the charges filed against it; that Plaintiff takes nothing by reason of this suit; and for

such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By: _____
      **DALE M. "RETT" HOLIDY**
      State Bar No. 00792937
      rholidy@germer.com
      **LAUREN N. HERRERA**
      State Bar No. 24092720
      lherrera@germer.com
      America Tower
      2929 Allen Parkway, Suite 2900
      Houston, Texas 77019
      (713) 650-1313 – Telephone
      (713) 739-7420 – Facsimile

      **ATTORNEYS FOR DEFENDANT,**
      **STATE FARM MUTUAL AUTOMOBILE**
      **INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 8th day of June, 2020.

Kenneth R. Baird                                                    <u>VIA E-FILE</u>
THE BAIRD LAW FIRM
2323 South Voss Road, Suite 325
Houston, Texas 77057
bairdlawfirm@hotmail.com

 

_____
**LAUREN N. HERRERA**

Harris County Docket Sheet

# 2020-26752

**COURT:**   234th

**FILED DATE:**   4/29/2020

**CASE TYPE:**   Debt/Contract - Other



---

### KAZMI, SYED

**Attorney: BAIRD, KENNETH RICHARD**

### vs.

### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

**Attorney: HERRERA, LAUREN NOELLE**

| Trial Settings | |
|---|---|
| **Date** | **Comment** |
| 6/7/2021 | Docket Set For: Trial Setting |

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |